## SAMUEL THACHER *versus* CHARLES COBB.

Where one to whom a parcel of salt marsh was let, mowed it and removed the hay, exercising no other act of possession, and soon afterwards took a deed of release of the land, it was *held* that he had a possession sufficient to render the release operative.

WRIT *of entry*, in which the demandant declared on his own seisin within thirty years. Plea, *nul disseisin.*

At the trial, before *Morton* J., it appeared, that the demandant was formerly seised of the land demanded, consisting of a parcel of salt marsh, and that for the purpose of securing a debt due from him to one Crocker, he conveyed the same

---

t an absolute deed to Crocker, who agreed to reconvey upon payment of the debt. This deed was duly recorded. In pursuance of his agreement Crocker did réconvey by a deed of quitclaim, which was not put upon record. This deed was returned to Crocker and cancelled, and he made a deed of quitclaim to one Doane, which was never recorded. Afterwards Doane gave up this deed, and on the 31st of August, 1820, Crocker made another deed of quitclaim to the tenant, which was recorded. The demandant possessed and annually mowed the land until the year 1819, when it was not mowed by any one, and no other person took possession of it until 1820, when it was first let to the tenant by Doane; and after he had mowed it and removed the hay, the deed above mentioned from Crocker to him was made. There was no evidence that he knew of the deed from Crocker to the demandant, or of the demandant's claiming the land.

The demandant's counsel contended, that the deed from Crocker to the tenant, being merely a release, could not operate for the want of sufficient possession in him, and that the estate, having vested in the demandant by Crocker's deed to him, could not pass from him but by his deed of conveyance; but the judge was of a different opinion, and ordered a nonsuit, subject to the opinion of the whole Court.

*Wood* and *Williams*, for the demandant, cited *Hamblet* v. *Francis*, 4 Mass. R. 78; *Porter* v. *Perkins*, 5 Mass. R. 233; *Warren* v. *Childs*, 11 Mass. R. 222. *Oct. 23d*

*Reed*, *contrà*, cited Shep. Touch. 70; *Dana* v. *Newhall*, 13 Mass. R. 498; *Commonwealth* v. *Dudley*, 10 Mass. R. 406.

Parker C. J. delivered the opinion of the Court. We are to presume, in considering the legal effect of the conveyances mentioned in this report, that the deed of Crocker to the tenant was *bonâ fide* and for a valuable consideration. It is not so stated, but as fraud between Crocker and the tenant has not been suggested, without doubt the transaction between them was fair. *Oct. 24th*

The tenant was in possession of the land at the time of the execution of Crocker's release to him, as far as marsh

Thacher v. Cobb.

425

land is capable of being occupied usefully, it not being usual to inclose it within fences. He had mowed the land that season by contract with Doane, and had hardly finished his mowing when the deed was executed. The land had not been mowed the preceding year, so that the tenant had no right to suppose he was disturbing the claims of any one. Crocker, the releasor, appeared by the record to be the owner by deed from Thacher, and there was no adverse possession to raise a question of the title of Crocker. Shall then the demandant interpose his claim to the prejudice of the tenant? We think he cannot. He was in regard to the tenant a stranger to the land. He had no title, for he had conveyed it to Crocker, and so the records declared. That he had a release from Crocker was a matter between the two parties to the deed and their heirs. If he had been in open visible possession at the time of Crocker's deed to the tenant, a question of notice and fraud might have been raised, which would have been referred to the jury. But the abandonment of such property as this, not mowing the grass, &c., is, in relation to other persons, a relinquishment of possession so far as that any purchaser may honestly infer, that he who appears by the records to be the lawful owner, has the seisin and possession.[1]

*Motion to take off the nonsuit overruled.*

---

[1] See *Somes* v. *Skinner*, 3 Pick. (2d ed.) 58, n. 1; *Russell* v. *Coffin*, 8 Pick. 151. By the Revised Statutes, *c.* 59, § 5, a deed of quitclaim and release, of the form in common use in this State, is held sufficient to pass all the estate which the grantor could lawfully convey by a deed of bargain and sale.